SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| SAVANNAH HAYES, individually, | NO. |
| Plaintiff, | COMPLAINT |
| v. | |
| BUTLER AMUSEMENTS, INC., an Oregon corporation, | |
| Defendant. | |

SAVANNAH HAYES, by and through her attorneys of record, Bailey Onsager, bring the following complaint against BUTLER AMUSEMENTS, INC., an Oregon corporation.

I. **PARTIES**

1.1   Plaintiff Savannah Hayes is an adult resident of Pierce County, Washington.

1.2   Now and at all times material hereto, Defendant Butler Amusements, Inc. ("Butler") was an Oregon corporation licensed to do business in the State of Washington and was doing business in King County, Washington.

COMPLAINT - 1
12046-32533  964901x

BAILEY | ONSAGER
PROFESSIONAL CORPORATION

600 UNIVERSITY STREET, SUITE 1020
SEATTLE WA 98101-4107
TEL 206-623-9900   FAX 206-624-6885

## II. JURISDICTION AND VENUE

2.1     All alleged acts and omissions occurred in King County, Washington.

2.2     This Court has general jurisdiction and venue over this matter pursuant to RCW § 4.12.020, because the tortious acts giving rise to the allegations in this Complaint occurred in King County, Washington.

## III. FACTS

3.1     On July 15, 2017 Ms. Hayes attended the King County Fair in Enumclaw, King County, Washington.

3.2     Butler operated the carnival rides, including the "Zipper", at the King County Fair.

3.3     Ms. Hayes visited the fair with her family and friend. She and her friend decided to ride the Zipper and, after waiting in line for it to open, got inside the car. The Zipper appeared to be the last ride to open that day, and was not fully loaded when the ride started. As the ride started, Ms. Hayes noted that it felt different from previous times she had ridden the Zipper. It was making different noises, seemed to have more lateral movement, and the flips seemed harsher. At the first upside down revolution, the force was so great that it slammed Ms. Hayes' head into the metal framing of the ride where unfortunately there was no padding.

3.4     Ms. Hayes felt immediate pain in her head, as well as dizziness and disorientation. When the ride finally stopped, her head hurt, and she felt nausea, had glazed eyes, and had difficulty finding words. She also had a large bump and bruising from her nose to her forehead. Ms. Hayes went to the paramedic booth, but had a

COMPLAINT - 2
12046-32533  964901x

BAILEY | ONSAGER
PROFESSIONAL CORPORATION

600 UNIVERSITY STREET, SUITE 1020
SEATTLE WA 98101-4107
TEL 206-623-9900  FAX 206-624-6885

difficult time formulating the words to describe what had happened. The paramedic had her sit down, gave her fluids and an ice pack, and advised her to go the hospital.

3.5   Ms. Hayes suffered injuries as a result of this incident, including mild traumatic brain injury.

## IV.   LIABILITY; PROXIMATE CAUSE

4.1   As a direct and proximate result of Defendant's tortious conduct and/or negligence and carelessness, Ms. Hayes was injured and suffered damage as set forth in paragraphs 5.1 through 5.5 of this Complaint.

4.2   At all times material hereto the employees and/or agents who set up, operated, maintained, or were in any other way responsible for Defendant's ride were acting within the course and scope of their employment, rendering Butler vicariously liable for the acts and/or omissions of its employees and/or agents.

4.3   In addition to the foregoing acts and omissions for which it is liable under respondeat superior or other rules of agency, Butler failed to provide adequate protocols, procedures, training, and supervision to its employees and/or agents.

4.4   Now and at all times material hereto, Butler breached its non-delegable duty owed directly to Ms. Hayes and other business invitees. Butler is jointly and severally vicariously liable per respondeat superior and/or other rules of agency for the negligent/wrongful acts and omissions of their employees, as alleged above.

## V.   INJURIES; DAMAGES

5.1   As a direct and proximate result of the aforesaid negligence, carelessness and/or tortious conduct of the Butler, Ms. Hayes suffered injury to her body, resulting in

COMPLAINT - 3
12046-32533  964901x

BAILEY | ONSAGER
PROFESSIONAL CORPORATION

600 UNIVERSITY STREET, SUITE 1020
SEATTLE WA 98101-4107
TEL 206-623-9900  FAX 206-624-6885

pain and distress, both physical and mental, including personal injuries, anxiety, and emotional distress.

5.2   Reasonable and necessary medical expenses have been incurred by Plaintiff as a direct and proximate result of the aforesaid conduct of Butler and said expenses are expected to be incurred in an amount not presently known but will be set forth at or before the time of trial.

5.4   The full nature and extent of Plaintiff's damages are as yet unknown but will be set forth at or prior to the time of trial.

## VI.   LIMITED WAIVER OF PHYSICIAN-PATIENT PRIVILEGE

6.1   Plaintiff, pursuant to RCW 5.60.060(4)(b), hereby waives the physician-patient privilege, effective 89 days after the filing of this Complaint, but only to the extent required, as a prerequisite to the assertion of a claim based on personal injuries or wrongful death, as explained below.  The scope of this waiver is as follows:

(a)   This waiver applies only to the privilege that exists under RCW 5.60.060(4)(b).  Specifically, Plaintiff does not waive her constitutional right to privacy or the implied promise of confidentiality that is inherent in the physician/patient relationship, nor does Plaintiff waive the protection of any other source of physician-patient confidentiality.

(b)   This waiver is subject to any limitations that have been imposed or may be imposed by this Court.

(c)   This waiver does not grant the defendants any rights greater than those conferred by the discovery provisions of the Superior Court Civil Rules.  In particular, Plaintiff does not consent to her personally being discussed in private

COMPLAINT - 4
12046-32533  964901x

BAILEY | ONSAGER
PROFESSIONAL CORPORATION

600 UNIVERSITY STREET, SUITE 1020
SEATTLE WA 98101-4107
TEL 206-623-9900  FAX 206-624-6885

meetings or conversations outside the presence of her attorney, nor does she consent to being the subject of written correspondence with anyone other than their attorney. This waiver is made solely to comply with the obligations required by the 1986 amendments to RCW 5.60.060 requiring such a waiver within 90 days of the filing of an action for personal injuries. This waiver is given for no other purpose and is limited thereby.

(d)  Plaintiff does not waive the physician-patient privilege in any respect broader than privileges as set forth in *Loudon v. Mhyre*, King County Superior Court Cause No. 54148-5, filed June 9, 1988.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant Butler as follows:

7.1  That the Court award Plaintiff judgment against Defendant for a fair and reasonable amount to be proven at the time of trial as determined by the trier of fact;

7.2  That the Court award Plaintiff her costs, disbursements, and reasonable attorneys' fees incurred in pursuing this action; and

7.3  That the Court award such other relief as it may deem just and equitable

DATED this  14th  day of  July , 2020.

BAILEY ONSAGER, P.C.

By: _____
Darrin E. Bailey, WSBA #34955
Attorneys for Plaintiff Savannah Hayes

COMPLAINT - 5
12046-32533  964901x



600 University Street, Suite 1020
Seattle WA 98101-4107
Tel 206-623-9900  Fax 206-624-6885